UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | USDC SDNY |
| --- | --- |
| | DOCUMENT |
| | ELECTRONICALLY FILED |
| | DOC #:_____ |
| | DATE FILED:  8/9/2021 |

United States of America et al. *ex rel.* Doe,

Plaintiffs,

-against-

Horizon Therapeutics PLC et al.,

Defendants.

20-cv-3207-MKV

ORDER DENYING MOTION TO
MAINTAIN SEAL

MARY KAY VYSKOCIL, United States District Judge:

In April 2020, Plaintiff-Relator ("Relator") filed this action under seal on behalf of the

United States (the "Government") and over thirty states pursuant to the *qui tam* provisions of the

False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.*, and parallel state false-claim statutes.  The

Complaint alleges that Defendant Horizon Therapeutics PLC ("Horizon"), an Ireland-based drug

manufacturer, and its subsidiaries operating in the United States (collectively, "Defendants")

violated the FCA in connection with the marketing and sale of the gout medication Krystexxa.

(*See generally* Compl. [ECF No. 14].)  Relator is a former employee of Horizon.  (*Id.* ¶¶ 6, 28, 81;

Mem. Law 6 [ECF No. 21].)

After an eleven-month investigation, the Government and the co-plaintiff states declined

to intervene in this action.  On March 22, 2021, the Court signed the proposed Order submitted by

the Government, requiring that the Complaint be unsealed in thirty days and authorizing service

on the Defendants by Relator at that time.  (Order Mar. 22, 2021 [ECF No. 18].)  On April 14,

2021, Relator filed an Amended Complaint.[1]  (Am. Compl. [ECF No. 19].)  On April 20, 2021,

Relator moved to maintain the seal on this case for an unspecified period of time, advising the

---

[1] The March 22 unsealing Order references a Complaint and an Amended Complaint, but at that time no Amended
Complaint had been filed.

Court that it intended to voluntarily dismiss the case and that state payors had indicated that they were continuing to investigate Relator's allegations.  (Mot. Maintain Seal [ECF No. 20]; Mem. Law 2, 8–9.)  On April 23, 2021, the Court denied Relator's motion but granted a sixty-day extension of the seal on this case to June 23, 2021.  (Order Apr. 23, 2021 [ECF No. 23].)

On July 14, 2021, the Court entered an Order directing Relator to show cause on or before July 28, 2021, why the seal on this case should not be lifted.  (Order July 14, 2021 [ECF No. 26].)  On August 6, 2021, having not received a response to the Order to Show Cause, the Court ordered that the pleadings and other documents filed in this case be unsealed.  (Order Aug. 6, 2021 [ECF No. 12].)

On August 9, 2021, after the public docket was unsealed on ECF pursuant to the Court's August 6 Order, counsel for Relator contacted Chambers directly and advised the Court that it had hand delivered to the Clerk of Court a response to the Order to Show Cause and a Stipulation of Dismissal to be filed under seal.  Counsel did not provide copies of these documents to Chambers, as required under the Court's Individual Rules of Practice in Civil Cases ¶ 9.B.

In the response to the Order to Show Cause, counsel for Relator advised the Court that the state payors had concluded further investigations and declined to bring any actions under the state false claims acts.  (Magnanini ¶ 5.)  Counsel for Relator also requested an extension of the seal on this case.  Relator expressed the same concerns raised in its April 20 motion: Defendants and others could potentially decipher Relator's identity based the allegations of the pleadings, creating "risks to Relator's professional reputation and blackballing that could occur should Defendants, Relator's current employer, or any other entities or persons become aware of Relator's whistleblowing activities with the Government."  (Magnanini Decl. ¶ 7.)

Relator's motion to extend further the seal on this case is DENIED.  Under both the common law and the First Amendment, a strong presumption of public access attaches to judicial documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Judicial documents are those "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is a judicial document, courts must consider whether the presumption of access is a common law right of access or a heightened "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Id.* at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)).  If the more stringent First Amendment framework applies, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 113 (2d Cir. 1987)); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144–45 (2d Cir. 2016) (noting that sealing requires more than "[b]road and general findings" or "conclusory assertions" (quoting *N.Y. Times*, 828 F.2d at 116)).

As an initial matter, the Complaint and Amended Complaint are judicial documents.  *See Bernstein*, 814 F.3d at 140.  As the Second Circuit has explained, "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *Id.* (quoting *Fed. Trade Comm'n v. Abbvie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013)). Furthermore, the pleadings in this case trigger the presumptive right of access under both the common law and the First Amendment.  *See id.* at 141–43.

3

Relator fails to identify "higher values" that outweigh the presumption of public access to the pleadings in this case. "Courts generally do not find that the risk of employer retaliation outweighs the presumption of public access to documents filed in FCA actions." *United States v. UCB, Inc.*, No. 14-cv-2218 (TPG), 2017 WL 838198, at *2 (S.D.N.Y. Mar. 3, 2017) (collecting cases). Relator is no longer even employed by Horizon, and Relator's concerns of industry-wide retaliation are wholly conjectural and have been repeatedly rejected by courts. *See, e.g.*, *United States ex rel. Love v. Teach for America, Inc.*, No. 17-cv-2062 (KBF), 2018 WL 1156103, at *1–2 (S.D.N.Y. Feb. 21, 2018) ("Relator's argument that disclosure may 'have an adverse impact on his search for future employment' and result in 'discrimination and retaliation in the workplace' are entirely speculative."); *United States ex rel. Littlewood v. King Pharms., Inc.*, 806 F. Supp. 2d 833, 842 (D. Md. 2011) (finding "no basis" to maintain seal and dismissing relator's concerns about employer retaliation and damage to career prospects as "hypothetical"); *United States ex rel. Herrera v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 785–86 (E.D. Mich. 2008) ("[T]he Court does not believe that Plaintiff–Relator's fear of retaliation by her current employer or future employers is sufficient to overcome the strong presumption in favor of access to judicial records."). In any event, Relator is not without recourse if retaliated against for filing this action. The FCA specifically provides a cause of action for whistleblower employees who are retaliated against for filing *qui tam* actions. *See* 31 U.S.C. § 3730(h); *UCB*, 2017 WL 838198, at *3; *Herrera*, 665 F. Supp. 2d at 786.

"[A] pleading's status as a judicial document does not, as [Relator] suggests, hinge on whether it has been subject to adjudication or has been voluntarily dismissed." *UCB*, 2017 WL 838198, at *2 (citing *United States ex rel. Grover v. Related Cos., LP*, 4 F. Supp. 3d 21, 26 (D.D.C. 2013)); *cf. Bernstein*, 814 F.3d at 140 (holding that "pleadings—even in settled cases—are Judicial

records subject to a presumption of public access"). Relator's voluntary dismissal of this case has no bearing on the presumption of public access. *See UCB*, 2017 WL 838198, at *2; *Grover*, 4 F. Supp. 3d at 26 (noting that "the fact that the Relator, himself, is abandoning the litigation does not lessen or change the public's interest in hearing [the] allegations"); *United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011) ("Voluntary dismissals of FCA actions do not render the allegations any less relevant to the taxpaying public.").

Relator previously requested that the original Complaint remain sealed and only the Amended Complaint be unsealed because the Amended Complaint "makes it much more difficult to identify the Relator." (Mem. Law 9.) Keeping sealed the original Complaint and unsealing only the Amended Complaint would effectively operate as *de facto* redactions of the Complaint. Court's routinely reject requests of this sort. *See UCB*, 2017 WL 838198, at *4 (rejecting argument to file superseding complaint under a pseudonym and to redact information that could reveal relator's identity); *Grover*, 4 F. Supp. 3d at 29 (rejecting request to redact identities of the parties from the complaint); *Wenzel*, 881 F. Supp. 2d at 223 (rejecting alternative argument to unseal only with redactions of identifying information because "redactions that would sufficiently preserve [relator's] anonymity would effectively seal substantial portions of the Complaint"); *Herrera*, 665 F. Supp. 2d at 786 (rejecting "Plaintiff–Relator's request for a wholesale redaction of all identifying information [a]s tantamount to maintaining a permanent seal over all of the documents filed in this action"). Accordingly, the Court declines to maintain the original Complaint under seal.

In filing this action, Relator knew or should have known the risk that the action could be unsealed. *Love*, 2018 WL 1156103, at *2. Indeed, Relator must have expected that its identity would be revealed had the Government decided to intervene, which would have unsealed the case. *See* 31 U.S.C. § 3730; *United States ex rel. Wenzel v. Pfizer*, 881 F. Supp. 2d 217, 222–23 (D.

Mass. 2012).  Relator presumably weighed the risk of disclosure and the impact it could have on

its reputation in the industry against the financial incentives to bring this action.  *See* 31 U.S.C.

§ 3730(d)(1)–(2) (providing that *qui tam* plaintiffs stand to recover 15–30% of the proceeds of the

action or a settlement); *Love*, 2018 WL 1156103, at *1.  In bringing this action, Relator must have

"concluded that these risks were worth taking if the Government would intervene.  Having

assumed the risk that the Government might not intervene, [R]elator cannot cherry pick the

portions of the FCA that suit [it]."  *Littlewood*, 806 F. Supp. 2d at 842; *see also Grover*, 4 F. Supp.

3d at 27 (noting that by bring the case, "Relator clearly concluded that the[] risks to his reputation

and career were worth taking" (citing *Durham*, 818 F. Supp. 2d at 68)).  It is not this Court's

obligation to shield Relator from the consequences of its decision.  *Love*, 2018 WL 1156103, at

*1; *Wenzel*, 881 F. Supp. 2d at 223.

Accordingly, the Court DENIES Relator's request to extend further the seal on this case.

The Clerk of Court is respectfully directed to unseal and file on the public docket the response to

the Court's Order to Show Cause and the Stipulation of Dismissal filed by Relator under seal with

the Clerk's Office.  The Clerk of Court is also respectfully requested to close the case.


**SO ORDERED.**

**Date:  August 9, 2021**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

6